IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CREIGHTON SAINT JOSEPH REGIONAL HEALTHCARE, LLC d/b/a SAINT JOSEPH HOSPITAL-CREIGHTON UNIVERSITY MEDICAL CENTER,** | ) ) ) ) ) | **CASE NO. 8:09CV114** |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| **SIMMONDS RESTAURANT MANAGEMENT, INC.; and SIMMONDS RESTAURANT MANAGEMENT, INC. EMPLOYEE BENEFIT PLAN,** | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge F.A. Gossett (Filing No. 18), recommending that the Court deny the Plaintiff's Motion to Remand and for Costs and Attorney Fees (Filing No. 9). The Plaintiff Creighton Saint Joseph Regional Healthcare d/b/a Saint Joseph Hospital-Creighton University Medical Center ("Saint Joseph Hospital") has objected (Filing No. 20), asking the Court to reject the Report and Recommendation; remand the case to the District Court of Douglas County, Nebraska, in which it was filed; and award attorney fees and costs to Saint Joseph Hospital.

The parties submitted briefs (Filing Nos. 9-2, 12, 13, 21, 24) in support of their respective positions, and Saint Joseph Hospital submitted an index of evidence (Filing No. 10) in support of its initial Motion to Remand, and another index of evidence (Filing No. 22) in support of its Objection to the Report and Recommendation. The Defendants, Simmonds Restaurant Management, Inc., and Simmonds Restaurant Management, Inc., Employee Benefit Plan (collectively referred to as "Simmonds") have objected (Filing No.

23) to Saint Joseph Hospital's second submission of evidentiary materials. For the reasons discussed below, the objection to the second evidentiary submission will be sustained and those materials will not be considered; the objection to the Report and Recommendation will be granted and the case will be remanded to state court due to this Court's lack of subject matter jurisdiction; and the request for an award of attorney fees and costs will be denied.

## STANDARD OF REVIEW

A magistrate judge's recommendation in a dispositive matter is reviewed *de novo,* and the objecting party is required to file a statement of objections specifying the portions of the recommendation to which the party objects. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). A magistrate judge's determination of a nondispositive matter may be reconsidered by the district court where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

"There is a split in authority regarding whether a magistrate judge has the authority to determine a motion to remand or whether a magistrate judge can only issue a report and recommendation on a motion to remand." *Banbury v. Omnitrition International, Inc.*, 818 F.Supp. 276, 278 (D. Minn. 1993). It has been the general practice in this Court for magistrate judges to issue reports[1] and recommendations on motions to remand, and for

---

[1] Now "findings" (NECivR 72.2).

the Court to review such findings and recommendations *de novo*, and that is the standard of review that this Court will apply.

## FACTUAL SUMMARY

Saint Joseph Hospital sued Simmonds in the District Court of Douglas County, Nebraska, alleging breach of a preferred provider organization ("Midlands Choice") network contract. (Complaint, Filing No. 1, CM/ECF p. 10.) The Complaint alleges that Simmonds and Saint Joseph Hospital each had a contract with Midlands Choice, with both contracts negotiated and executed as part of a common transaction and intended to be construed, applied, and enforced as a single contract. (*Id.*, CM/ECF pp. 7-8.) From January 11, 2006, through February 7, 2006, and from May 29, 2006, through June 5, 2006, Saint Joseph Hospital provided medical services to Ms. Christie French, an employee of Simmonds Restaurant Management, Inc., and a beneficiary of the Simmonds Restaurant Management, Inc., Employee Benefit Plan (the "Plan"). (*Id.*, CM/ECF pp. 6-7.) Saint Joseph Hospital billed $696,342.19 for French's first admission, and $61,048.47 for her second admission, through the Midlands Choice network contract. (*Id.*, CM/ECF p. 6.) Pursuant to the network contract, Saint Joseph Hospital agreed to accept 35 percent of the normal billed charges if payment was received within 45 days of Simmonds's receipt of the claim in a "clean claim" form, as defined in the contract. (*Id.*, CM/ECF p.8.) Simmonds did not pay Saint Joseph Hospital's claims related to Ms. French's hospital admissions until more than 45 days after Saint Joseph Hospital submitted clean claims to Simmonds, yet Simmonds paid only 35 percent of such charges. (*Id.*, CM/ECF p. 9-10.) Accordingly, Saint Joseph Hospital is seeking the remaining 65 percent of the normal billed charges from Simmonds under a breach-of-contract theory. (*Id.*, CM/ECF p. 9-10.)

Simmonds removed the action to this Court, asserting that the claim involves the administration of an ERISA[2] plan, causing this Court to have original subject matter jurisdiction. (Notice of Removal, Filing No. 1., p. 2.) Saint Joseph Hospital moved to remand the matter to state court, and for costs and attorney fees. (Filing No. 9.) Judge Gossett denied the motion to remand in his Report and Recommendation (Filing No. 18), and Saint Joseph Hospital has objected to the Report and Recommendation. (Filing No. 20.)

## DISCUSSION

Saint Joseph Hospital's objection (Filing No. 23) to the additional evidentiary materials submitted by Simmonds will be granted, and the materials found at Filing No. 22 will not be considered. *See* NECivR 72.2(b). This ruling does not affect the outcome of the Court's consideration of the Magistrate Judge's Report and Recommendation.

Both Saint Joseph Hospital and Simmonds agree that the resolution of the motion to remand depends upon whether Saint Joseph Hospital's claim is pre-empted by ERISA, and that this Court should look to the U.S. Supreme Court's decision in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), for guidance. In *Davila*, a participant and a beneficiary of ERISA-regulated employee benefit plans brought state-court actions against their health maintenance organizations for alleged failures to exercise ordinary care in the handling of coverage decisions, in violation of state statute. The defendants removed the actions to federal court, asserting that the actions were pre-empted by ERISA. The federal district court agreed, declined to remand the actions, and ultimately dismissed the actions when the plaintiffs refused to amend the complaints to bring explicit ERISA claims. The court of appeals reversed, concluding that the plaintiffs were seeking tort damages based on an

---

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C §§ 1001-1461.

external, statutorily imposed duty.  The Supreme Court reversed the court of appeals, holding "that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA[.]" *Id*. at 221.

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. at 209.  "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)[3], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id*. at 210 (footnote added).

In the Report and Recommendation, Magistrate Judge Gossett acknowledged that "ERISA § 502(a) limits standing to participants and beneficiaries." (Filing No. 18, p. 6.) He stated, however, that "[i]t is obvious from the face of the complaint that St. Joseph Hospital cannot recover one red cent from SRM unless it procured an assignment of benefits from the plan beneficiary, Christie French.  The Hospital admits in its briefs that it does have such an assignment but dismisses the matter of the assignment as irrelevant[.]" (Filing No. 18, p. 8.)  The Magistrate Judge also acknowledged that Saint Joseph Hospital asserts (1) that any assignment of benefits by Ms. French is irrelevant to its claims under the Midlands Choice PPO contract; (2) that Ms. French had no rights under that contract; and (3) that Ms. French had sustained no damages as a result of the breach of contract.  (*Id*.)  In

---

[3] ERISA § 502(a)(1)(B) provides:
"A civil action may be brought - (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

response to those assertions, Judge Gossett was "led . . . to independently research the practice of the PPO industry." Based on that investigation, he concluded that a plan beneficiary is "ultimately left 'on the hook' for the remainder of the hospital bill after the insurer, the hospital, and the PPO middleman have worked their contractual magic." (*Id*., p. 9.) "[T]he 'obvious reality of the situation' presented in this case is that the plan beneficiary assigned to St. Joseph Hospital her right to receive benefits under the SRM Plan." (*Id.*, pp. 9-10.)

This Court's *de novo* review of the record leads it to different conclusions. It is not apparent to this Court from the face of the Complaint that Saint Joseph Hospital cannot recover any funds from Simmonds without an assignment of benefits from Ms. French. No assignment of benefits is alleged in the Complaint, and no acknowledgment of the existence of any such assignment is made by Saint Joseph Hospital in any brief. Saint Joseph Hospital has simply asserted that the existence of any assignment of benefits is irrelevant to its claims under the PPO network contract.

While the Magistrate Judge rightly notes that the decision in *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimb. Plan*, 388 F.3d 393 (3rd Cir. 2004), is not binding in this district, the facts in *Pascack* are virtually identical to the facts of the instant case, and this Court finds the reasoning in that decision to be persuasive. In *Pascack*, the hospital sued the defendant, an employee welfare benefit plan as defined by ERISA, in state court for breach of contract. *Id.* at 397. The defendant removed the case to federal court and moved for summary judgment, and the hospital moved to remand. *Id.* The district court held that the hospital's claims were completely pre-empted by ERISA, but the court of appeals reversed, holding that (1) the hospital's complaint did not present a federal question that would support removal, and (2) the hospital's state-law breach-of-contract

claims were not completely pre-empted by ERISA because the hospital could not have brought its claims under ERISA. *Id*. at 395.

"Although the well-pleaded complaint rule would ordinarily bar the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Id*. at 399 (citing *Davila*, 542 U.S. at 207). "Accordingly, this case is removable only if (1) the Hospital could have brought its breach of contract claim under § 502(a), and (2) no other legal duty supports the Hospital's claim." *Id*. at 400. "We conclude that the Hospital could not have brought its claims under § 502(a) because the Hospital does not have standing to sue under that statute."[4] *Id.*. "We further conclude that the Hospital's state law claims are predicated on a legal duty that is independent of ERISA." *Id*. at 402. "The Hospital's right to recovery, if it exists, depends entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself." *Id*.

Similarly, in *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.,* 187 F.3d 1045 (9th Cir. 1999), medical providers brought state-court actions against an insurer, alleging breach of provider agreements, and the insurer removed the actions to federal court, asserting pre-emption under ERISA. *Id.* at 1048-49. The court of appeals affirmed the district court's decision to remand the matter to state court, holding "that the Providers' claims, which arise from the terms of their provider agreements and could not

---

[4] The Third Circuit Court engaged in a lengthy discussion of the parties' various arguments regarding whether the hospital could have attained standing-by-assignment, however, the court concluded: "At best, the Plan's interpretation of the Subscriber Agreement provides an affirmative defense to the Hospital's breach of contract claims, *i.e.*, that the Plan has no contractual liability absent a valid assignment. The Plan's argument may therefore entitle it to judgment on the Hospital's breach of contract claims in a court of competent jurisdiction. It does not, however, convert those breach of contract claims into derivative claims for benefits under § 502(1)." *Id.* at 401.

be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B)." *Id.* at 1050. "Indeed, the Providers are asserting contractual breaches, . . . that their patient-assignors could not assert: the patients simply are not parties to the provider agreements between the Providers and Blue Cross. The dispute here is not over the *right* to payment, which might be said to depend on the patients' assignments to the Providers, but the *amount* or level, of payment, which depends on the terms of the provider agreement." *Id*. at 1051 (emphasis in original).

As in *Pascack* and *Anesthesia*, Saint Joseph Hospital's claims are based on a provider agreement that is separate from the ERISA-regulated Plan. While the action brought by Saint Joseph Hospital may affect the Plan, in that a judgment will require payment of funds from the Plan, the action requires no interpretation of the provisions of the Plan. Saint Joseph Hospital could not have brought its action under ERISA, and the action is supported by a separate legal duty – the terms of the Midlands Choice network contract. The action, therefore, is not pre-empted by ERISA.

## CONCLUSION

Saint Joseph Hospital's claims are not completely pre-empted by ERISA; this Court lacks subject matter jurisdiction over the state-law breach-of-contract action in the Complaint; and this matter must be remanded to state court. Simmonds's removal of this action does not appear to have been frivolous, malicious, or objectively unreasonable, and Saint Joseph Hospital's request for costs and attorney fees will be denied.

Accordingly,

IT IS ORDERED:

1.  The Defendants' Objection to Plaintiff's Exhibits (Filing No. 23) is granted;

2. The Plaintiff's Objections to Magistrate Judge's Recommendation (Filing No. 20) is granted;

3. The Report and Recommendation of the Magistrate Judge (Filing No. 18) is rejected;

4. The Plaintiff's Motion for Remand and for Costs and Attorney Fees (Filing No. 9) is granted in part and denied in part as follows:

    (a) This action is remanded to the District Court of Douglas County, Nebraska; and

    (b) The request for costs and attorney fees is denied;

5. A separate Order of Remand will be issued; and

6. The Clerk will mail a certified copy of the Order of Remand to the Clerk of the District Court of Douglas County, Nebraska, in accordance with 28 U.S.C. § 1447(c).

Dated this 16th day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court